# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLES MURPHY,**

        **Plaintiff,**

**v.**                                            **Case No: 6:16-cv-1987-Orl-22TBS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause is before the Court on Plaintiff Charles Murphy's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying benefits to Plaintiff.

The United States Magistrate Judge has submitted a report recommending that the decision of the Commissioner be AFFIRMED. Doc. 17. After an independent *de novo* review of the record in this matter, including the Objections filed by the Charles Murphy (Doc. 18),[1] the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation.

## I. BACKGROUND

The Court briefly sets forth the relevant procedural history. On July 11, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning on January 1, 2009, which he later amended to July 11, 2012, when he filed for SSI benefits. R. 40, 191-200, 208. After his application was denied initially and on reconsideration, on November 7, 2014, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. R. 37-69. On March 19, 2015, the ALJ issued a decision finding Plaintiff not disabled. R. 18-31.

---

[1] The Commissioner did not file a response to Plaintiff's Objections.

Based on the ALJ's residual functional capacity ("RFC") assessment and the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff could perform other work available in the national economy. R. 30-31. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. R. 1-7. Thereafter, on November 14, 2016, Plaintiff filed his Complaint in this Court. Doc. 1.

## II. LEGAL STANDARDS

### A. *Review of Magistrate Judge's Report & Recommendation*

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744, 74 L.Ed.2d 964 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1) (C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ*., 896 F.2d 507, 512 (11th Cir.1990) (citing H.R.Rep. No. 94–1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S.Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry*., 37 F.3d 603, 604 (11th Cir.1994).

### B. *Social Security Sequential Evaluation Process*

When an ALJ makes a disability determination, the ALJ follows a five-step evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5)

whether Plaintiff can perform other jobs that exist in the national economy. *See Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136–37 (11th Cir. 2009) (per curiam) (citations omitted). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Id.* at 137 (citation omitted).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). Substantial evidence is evidence that is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* at 1560 (citations omitted). The Court also reviews *de novo* the ALJ's conclusions of law. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). If the ALJ fails to apply the correct law or provide the Court with sufficient reasoning for determining that the proper legal analysis was conducted, then the Court must reverse. *Id.* (citation omitted).

### III. PLAINTIFF'S OBJECTIONS

Plaintiff's objections are limited to the ALJ's findings regarding Plaintiff's ability to perform a significant number of relevant jobs in the national economy at Step 5. Doc. 18. He argues that the ALJ erred in finding he could perform the jobs identified by the vocational expert despite the limitation to use of "one hand," given his need to use a cane for ambulation due to vertigo, and the need for frequent handling potentially using both hands in order to perform the requirements of the jobs listed by the VE. Plaintiff's representative asked the VE how the additional limitation of occasional handling, fingering, and feeling with the left hand would impact those jobs (R. 66), and the VE opined the restriction to one hand would not impact the specified jobs because "they can be done with one hand." R. 66. Plaintiff also argues the ALJ erred in not considering Plaintiff's need

to use a cane to ambulate for more than ten feet (R. 65) when all of the light work jobs listed by the VE required a good deal of walking and standing pursuant to the regulations.

At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work by lifting and carrying ten pounds continuously, twenty pounds frequently, and up to fifty pounds occasionally; sitting for four hours at a time or a total of eight hours in an eight-hour day; standing/walking for thirty minutes at a time or up to four hours in an eight-hour day. R. 28. Considering Plaintiff's age, education, work experience, and RFC, and based on the testimony of the VE, the ALJ determined that there were jobs which exist in significant numbers in the national economy that Plaintiff was capable of performing, *i.e.*, the representative occupations of blade balancer, egg handler[2], and marker II. R. 30-31. The ALJ accordingly concluded that Plaintiff had not been under a disability from July 11, 2012 through the date of the decision. R. 31. Plaintiff contends the ALJ erred at Step 5 in finding there was a significant number of jobs in the national economy that Plaintiff could perform.

Magistrate Judge Smith found with respect to Plaintiff's use of a cane, the vocational expert had testified that all of the listed jobs had a sit-stand option and required the use of only one hand. Doc. 17 (citing R. 65-67). "Thus, the vocational expert's testimony is not inconsistent with this limitation." Doc. 17 at 9. He further found:

> Thus, the record affirmatively establishes that the inclusion of all of these limitations in the RFC assessment would not preclude Plaintiff's ability to perform the identified jobs of egg candler and marker II. As those jobs exist in significant numbers according to the vocational expert and as found by the ALJ, any error by the ALJ in failing to explicitly incorporate these limitations into the RFC assessment is harmless. . . . Based upon the foregoing discussion, I conclude that the administrative decision is amply supported and no reversible error is shown.

---

[2]The VE's testimony was for the position of "egg candler" according to the transcript (R. 65), but the ALJ described this occupation in his decision as "egg handler," the term Plaintiff also uses. Doc. 18 at 3. The Magistrate Judge correctly noted in the Report and Recommendation that the DOT position is for an "egg candler," 529.687-074. Doc. 17 at 9. "Egg candler" is defined in the DOT as one who "inspects eggs to ascertain quality and fitness for consumption or incubation, according to prescribed standards" and "places spoiled and substandard eggs in cases" and "packs salable eggs in cartons or releases them on conveyor belt for packing by other workers," also "[m]ay grade eggs." Dictionary of Occupational Titles, Egg Candler, Code No. 529.687-074.

*Id*. (citations omitted).

Plaintiff argues that the ALJ and, in turn, the Magistrate Judge erred in finding that the VE's testimony that these jobs only require the use of one hand was properly supported. Plaintiff argues that the jobs of blade balancer, egg candler, and marker II require either frequent or constant reaching and handling (as well as constant fingering for egg candler), and although the VE testified his opinion was consistent with the Dictionary of Occupational Titles ("DOT") (with the exception of the sit/stand option (R. 66)), the VE never explained the basis for any inconsistency with the DOT regarding the use of one hand to perform these jobs. Plaintiff cites the Ninth Circuit's recent decision in *Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017), for the proposition that it was "likely and foreseeable that using both hands would be necessary to perform 'essential, integral, or expected' tasks in an acceptable and efficient manner" in the jobs testified to by the vocational expert. *Id*. Plaintiff argues that his case is similar because the three jobs listed by the VE in his case also require constant or frequent use of the hands in order to perform the requirements of the job, and the ALJ erred in not asking the VE for the basis for his testimony that these jobs could be performed with only hand.

The claimant in *Lamear* appealed the denial of social security disability benefits for impairments due to back and neck problems, which also impacted his left hand and arm, arguing that that the VE had failed to explain how the claimant could perform the cited occupations despite his left hand and arm limitations. *Id*. at 1203-04. The Ninth Circuit, while acknowledging that district courts had been divided on the issue, held that "[t]he DOT's lengthy descriptions for these jobs strongly suggest that it is likely and foreseeable that using both hands would be necessary to perform 'essential, integral, or expected' tasks in an acceptable and efficient manner" while performing work as an office helper, mail clerk, or parking lot cashier which all required "frequent" handling, fingering, and reaching for as much as two-thirds of the workday. *Id*. at 1205-06.

The *Lamear* decision is distinguishable, most notably because the claimant in that case had specific left-sided manipulative limitations, which included being able only "occasionally" to handle,

finger, and reach overhead with his left, non-dominant hand and arm (and no limitations on his right side). *Id.* Here, Plaintiff does not have any manipulative limitations on his ability to "constantly" or "frequently" reach, finger, or handle. His limitation is of a different nature, *i.e.*, his need to use a cane for *ambulation* due to vertigo. Logically, if Plaintiff is sitting, he would not need to use a cane at all and would have both hands free to handle, finger and reach; since the VE was asked to name occupations that allowed for a sit/stand option (R. 65), it follows that Plaintiff could perform the cited occupations while standing, sitting, or walking less than 10 feet, and would be limited only when ambulating more than 10 feet, which, according to Dr. Barber's opinion, is the only time he would arguably require the cane. R. 541-46 (Barber limitations). Moreover, as Judge Smith noted, the VE testified that all three of the jobs he cited required the use of only one hand and the other hand could hold the cane to ambulate. R. 66; Doc. 17 at 9.

At the hearing, Plaintiff's representative asked the VE "if you were to add for the left hand only occasional handling, and fingering, and feeling, how would that affect the jobs that you gave?" R. 66. The VE responded, "That's not going to impact these jobs. These jobs can actually be done with one hand." R. 66. The VE testified that his testimony was consistent with the DOT and also "based on [his] years of experience as a rehabilitation counselor and the knowledge, nature of work and work place demands and employer demands that have changed over time." R. 66. The ALJ's decision that Plaintiff could perform other work in the national economy was based on substantial evidence in the form of the VE's testimony. *See Adams v. Astrue*, No. 3:07-CV-438-J-MCR, 2010 WL 3293344, at *8 (M.D. Fla. Aug. 19, 2010) (holding that, because the DOT is silent as to which jobs require working with one or both hands, the ALJ may gain this information via VE testimony); *see also Kelley v. Astrue*, No. 5:08-CV-5-OC-GRJ, 2009 WL 2731341, at *7 (M.D. Fla. Aug. 26, 2009)(affirming the ALJ where plaintiff had failed to explain why she could not perform the reaching, handling and/or fingering requirements of the job using both of her arms and hands).

Plaintiff contends that the ALJ erred in failing to include Plaintiff's need to use a cane to ambulate for more than ten feet (as Dr. Barber opined) in the analysis at Steps 4 and 5. Plaintiff argues that light work generally "requires a good deal of walking or standing" pursuant to 20 C.F.R. § 404.1567(b), and the inclusion of a sit/stand option does not address the requirement of walking versus standing in the positions cited by the VE. Plaintiff notably cites the *general* description of light work in the Regulations which may include "a good deal of walking or standing" for certain positions, 20 C.F.R. § 404.1567(b), however, the VE testified to a very specific hypothetical which included all of Plaintiff's limitations as determined by the ALJ in the RFC. Plaintiff's argument is a bit of a red herring. Plaintiff does not have a restriction on walking that would preclude light work; Dr. Barber opined that Plaintiff could walk for thirty minutes at a time for a total of four hours during an eight hour workday. R. 542. The ALJ adopted this limitation as part of the RFC and included it in the hypothetical. R. 28, 65. To the extent Plaintiff is limited to walking no more than ten feet without *a cane in one hand*, the ALJ accounted for that limitation in the hypothetical to the VE by limiting Plaintiff to jobs he could perform with one hand that did not hold the cane. Accordingly, the ALJ's decision was based on substantial evidence.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation filed August 14, 2017 (Doc. 17), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's objections are **OVERRULED.**

3. The final decision of the Commissioner of the Social Security Administration denying the claim for Disability Insurance Benefits is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is directed to enter judgment, accordingly, and **CLOSE** the file.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 14, 2017.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties